UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD W. JOHNSON,

    Petitioner,

v.                                                                       Case No: 2:14-cv-447-FtM-38CM

STATE OF FLORIDA and
SECRETARY, DEPARTMENT OF
CHILDREN AND FAMILIES,

    Respondents.[1]
_____/

**OPINION AND ORDER**[2]

Petitioner Edward W. Johnson ("Petitioner") initiated this action on August 13, 2014 by filing a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner is civilly committed at the Florida Civil Commitment Center ("FCCC") in Arcadia, Florida after being found a sexually violent predator under Florida Statutes §§ 394.912-17. *Id.* He now challenges his continued confinement at the FCCC on the ground that he was not appointed an independent mental health expert to evaluate his mental status

---

[1] Because Petitioner is under the lawful authority and in the "custody" of the Florida Department of Children and Families, the correct respondent in this habeas corpus proceeding is the Secretary of the Florida Department of Children and Families. The Attorney General of the State of Florida has filed a response on behalf of the secretary.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

at his statutorily mandated probable cause hearing. *Id.* Respondent filed a response to the petition; Petitioner declined to file a reply (Doc. 16; Doc. 20).

Upon review of the matter, the Court finds that the petition, construed as filed pursuant to 28 U.S.C. § 2241, must be denied because Petitioner has not demonstrated that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

I.  **Background and Procedural History**

On November 30, 2011, Petitioner was determined to be a Sexually Violent Predator in need of treatment pursuant to Florida's Sexually Violent Predator Act. *See* Fla. Stat. §§ 394.910-17; (Doc. 14-1 at 71 (docket sheet, case no. 05-007446-CI)). Subsequently, Petitioner was committed to the Florida Civil Commitment Center (Doc. 1 at 1).

Pursuant to statutorily mandated annual reviews, held on November 14, 2012, and November 22, 2013, the circuit court determined that there was not probable cause to believe that Petitioner's condition had so changed that it was safe for him to be at large or that Petitioner would not engage in acts of sexual violence if discharged (Doc. 14-1 at 76-78). Therefore, his commitment continued without a trial on his mental status. *Id.* at 80. Petitioner did not appeal the circuit court orders denying a trial.

On May 27, 2014, Petitioner filed a state petition for writ of habeas corpus in Florida's Second District Court of Appeal (Doc. 14-1 at 15). Petitioner argued that the state court violated state law by failing to appoint "a qualified expert to conduct examination yearly for determination of probable cause of annual review." (Doc. 14-1 at 17). The petition was denied by Florida's Second District Court of Appeal on July 24, 2014 (Doc. 14-1 at 102).

Petitioner filed the instant petition in this Court on August 13, 2014 (Doc. 1). Petitioner re-raises the same claim raised in his state habeas petition; namely, he asserts that he was denied due process because of the state court's failure to appoint a mental health expert prior to his probable cause hearings. *Id.* Respondent urges that the petition should be dismissed as time-barred or unexhausted (Doc. 16). Alternatively, Respondent argues that the petition is without merit. *Id.*

## II. Analysis

### A. The petition was timely filed

The Court construes the instant petition as challenging Petitioner's continued civil commitment, not the original commitment process. The continuation and/or execution of an initially valid confinement is properly brought pursuant to 28 U.S.C. § 2241. *See Thomas v. Crosby*, 371 F.3d 782, 810 (11th Cir. 2004) (collecting cases). The restrictions set forth in 28 U.S.C. § 2254, including a statute of limitation, applies to § 2241 petitions filed by petitioners in custody pursuant to the judgment of a state court. *Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004). Title 28 U.S.C. § 2244(d)(1) provides that a one-year limitation period applies to habeas petitions filed by a person in custody pursuant to the judgment of a state court. In this case, the limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" *Id.* at § 2244(d)(1)((A).

The Sixth Judicial Circuit Court found probable cause for Petitioner's continued commitment on December 2, 2012 and December 16, 2013 (Doc. 14-1 at 92-94). Presumably, these are the state court decisions now challenged by Petitioner, with each suffering from the same alleged defect. Because Petitioner did not appeal the state court's 2012 probable cause finding, and there do not appear to be any tolling motions

filed within a year of the order, any federal habeas challenge to Petitioner's 2012 probable cause hearing is untimely. However, the instant Petition was filed within one year of the December 16, 2013 probable cause order. Consequently, although Petitioner does not clarify which probable cause order he believes to be unconstitutional, as it relates to his 2013 probable cause hearing, the instant petition is not time-barred.

### B. The petition is exhausted

An exhaustion requirement applies to § 2241 petitions. *Crosby*, 371 F.3d at 812 ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies"). Respondent argues that exhaustion is lacking because Petitioner did not directly appeal the probable cause orders (Doc. 16 at 18). Indeed, a state court's determination that there is not probable cause to believe that a person's mental condition has changed such that he will not commit acts of sexual violence in the future is an appealable order. *See*, *e.g.*, *Westerheide v. State*, 888 So. 2d 702 (Fla. 5th DCA 2004) (appeal of order denying request for a trial on the issue of sexually violent predator's entitlement to release from custody); *In re Commitment of Allen*, 927 So. 2d 1070 (Fla. 2d DCA 2006) (same); *Holder v. State*, 123 So. 3d 136 (Fla. 5th DCA 2013) (same).

However, Petitioner initiated a petition for writ of habeas corpus directly to the state appellate court in which he raised the identical issue as raised in the instant petition (Doc. 14-1 at 16-57). The appellate court denied the petition without opinion. *Id*. at 102. The appellate court's silent denial qualifies as an opinion on the merits. *Childers v. Floyd*, 642 F.3d 953, 967–68 (11th Cir. 2011); *see also Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008). Consequently, Petitioner exhausted his sole ground for relief as it relates to his 2013 probable cause hearing.

**C.     Merits**

The Involuntary Civil Commitment of Sexually Violent Predators Act ("the Act") provides the procedures for civilly committing sexually violent predators. *See* Fla. Stat. §§ 394.910–.932. The Act also requires annual mental examinations of persons committed under the Act, and the reports from those examinations are to be provided to the circuit court. *Id.* at § 394.918(1). Committed persons may also retain their own qualified professional to examine them, and may petition the court for release. *Id.* at § 394.918(1). The court is then to "hold a limited [probable cause] hearing to determine whether there is probable cause to believe that the person's condition has so changed that it is safe for the person to be at large and that the person will not engage in acts of sexual violence if discharged." *Id.* at § 394.918(3). The committed person has the right to present evidence at the probable cause hearing, and Florida Law places the burden upon the committed individual to establish probable cause to believe that his condition has changed before the state is required to prove at a trial that it is not safe for the person to be at large. *Allen*, 927 So.2d at 1073. If the court determines that probable cause exists, "the court shall set a trial before the court on the issue." Fla. Stat. § 394.918(3).

The sole claim in the instant petition is that the state did not appoint a psychologist or psychiatrist to conduct an independent mental health examination of Petitioner prior to his probable cause hearing (Doc. 1 at 5). In support of this proposition, Petitioner asserts that the Department of Children and Families was required under § 394.932(1) to find, and pay for, an independent evaluation of Petitioner's mental health prior to the probable cause hearing (Doc. 1 at 6). In support of these assertions, Petitioner directs the Court to Florida Statute § 394.918(1) and *Spivey v. State*, 100 So. 3d 1254 (Fla. 5th DCA 2012). Florida Statute § 394.918 provides in part that the committed person "may retain, or if the

person is indigent and so requests, the court may appoint, a qualified professional to examine [him]." *Id.* at § 394.918(1). In *Spivey*, Florida's Fifth District Court of Appeal determined that if a civilly committed individual finds his own, independent, medical expert who recommends release at the probable cause hearing, the finding is sufficient to establish probable cause, entitling the individual to a trial. *Spivey*, 100 So. 3d at 1255.

To the extent Petitioner argues that the state court erred under state law by not providing him with the "qualified professional" he desired, the claim is not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The limitation on federal habeas review applies with equal force when a petition, which truly involves only state law issues, is couched in terms of alleged constitutional violations. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

Rather, in order to obtain habeas relief under § 2241, Petitioner must demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In *Foucha v. Louisiana*, 504 U.S. 71 (1992), the United States Supreme Court recognized that in order to commit an individual to a mental institution in a civil proceeding, due process requires the state to prove by clear and convincing evidence "that the person sought to be committed is mentally ill and that he requires hospitalization for his own welfare and protection of others." *Id.* (citing *Addington v. Texas*, 441 U.S. 418 (1979)). The *Foucha* Court further concluded that it is "unconstitutional for a State to continue to confine a harmless, mentally ill person," and that the committed mentally ill person "is entitled to release when he has recovered his sanity or is no longer dangerous." *Id.* at 77 (citing *Jones v. United States*, 463 U.S. 354, 368 (1983)).

The holding of *Foucha* is not at odds with the facts of the instant case. It is his continued confinement, not his initial commitment, which Petitioner now challenges.[3] Unlike the petitioner in *Foucha*, Petitioner presents no evidence, other than his own unsubstantiated assertions, that the mental condition for which he was initially committed has changed. Instead, Petitioner argues that, in violation of Florida Statute § 394.918(1), the state failed to find, hire, and pay for an independent mental health professional to testify that he is no longer a sexually violent predator. Notably, § 394.918(1) *allows*, rather than *requires*, the committed individual to retain an independent mental health expert. *Id.* Petitioner does not assert that he was forbidden from retaining his own, paid independent mental health expert and presenting that expert's report at a probable cause hearing. In fact, that is precisely what the individual in *Spivey* did. 100 So. 3d at 1254. Petitioner points to no Supreme Court precedent or other federal law that exempts a civilly committed individual from bearing the burden of finding, and paying for, the experts he wishes to present in a probable cause hearing.[4] Accordingly, Petitioner is not entitled to federal habeas relief on his claim. *See Benham v. Ledbetter*, 785 F.2d 1480, 1491–92 (11th Cir. 1986) (the procedure of placing the burden of proof on the insanity acquittee at

---

[3] To the extent Petitioner challenges his initial commitment, the challenge is both untimely and without merit. The Act under which Petitioner was civilly committed in 2011 required the State to show by clear and convincing evidence that Petitioner qualified as a sexually violent predator at his initial commitment trial. Fla. Stat. § 394.917(1). The procedures set forth in the Act comported with the substantive demands of due process because Petitioner was provided an opportunity to challenge the reasons claimed for his commitment prior to his detention. *Kansas v. Hendricks*, 521 U.S. 346, 357 (1997) ("We have consistently upheld such involuntary commitment statutes provided the confinement takes place pursuant to proper procedures and evidentiary standards.").

[4] The records in this case show that Petitioner had $6,721.61 in his resident account immediately prior to filing the instant habeas petition (Doc. 8). In a January 5, 2014 letter attached to his state habeas petition, Petitioner informed his lawyer that he has "seven thousand dollars cash, plus a trust fund." (Doc. 14-1 at 34).

the release proceeding under Georgia's statutory scheme did not violate due process); *Williams v. Wallis*, 734 F.2d 1434, 1440 (11th Cir. 1984) ("[D]ue process does not forbid placing the burden of proof on the acquittee at the habeas proceeding to prove by a preponderance of the evidence that he is no longer mentally ill or dangerous"); *Dorsey v. Solomon*, 604 F.2d 271, 274 (4th Cir. 1979) (finding proper to place the burden of proving fitness for release on inmates who were previously committed in accordance with constitutionally adequate procedure).

### III.     **Certificate of Appealability**

Under 28 U.S.C. § 2253, a certificate of appealability must issue to appeal a final order in a habeas proceeding "in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). The Eleventh Circuit has broadly construed this language to require a petitioner who appeals the denial of 2241 habeas petition pertaining to disciplinary proceedings to obtain a certificate of appealability, finding that the prisoner's detention originated "out of process issued by a State court." *Medberry v. Crosby*, 351 F.3d 1049, 1063 (11th Cir. 2003); *see also Sawyer v. Holder*, 326 F.3d 1363, 1364 n. 3 (11th Cir. 2003) (finding state prisoners, as opposed to federal prisoners, who proceed under 2241 must obtain a certificate of appealability). Consequently, in an abundance of caution, the Court considers whether a certificate of appealability should issue in connection with the denial of this § 2241 petition.

"A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues

presented were adequate to deserve encouragement to proceed further[.]" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (internal quotations omitted). Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ACCORDINGLY, it is hereby **ORDERED:**

1. The State of Florida is dismissed as a named respondent.

2. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

3. Petitioner is **DENIED** a certificate of appealability.

4. The **Clerk of Court** is directed to enter judgment accordingly; terminate any pending motions; and close this file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 29th day of September, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Edward W. Johnson
Counsel of Record